1

2

3

4

5

6

7

8                      **UNITED STATES DISTRICT COURT**

9                      **CENTRAL DISTRICT OF CALIFORNIA**

10

11   THOMAS HODGES,                    )  NO. CV 05-2829-E
                                       )
12                 Plaintiff,          )
                                       )
13        v.                           )  **MEMORANDUM OPINION**
                                       )
14   JO ANNE B. BARNHART, COMMISSIONER )  **AND ORDER OF REMAND**
     OF SOCIAL SECURITY ADMINISTRATION,)
15                                     )
                                       )
16                 Defendant.          )
     _____)

17

18        Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS

19   HEREBY ORDERED that Plaintiff's and Defendant's motions for summary

20   judgment are denied and this matter is remanded for further

21   administrative action consistent with this Opinion.

22

23                           **PROCEEDINGS**

24

25        Plaintiff filed a Complaint on April 18, 2005, seeking review

26   of the Commissioner's denial of benefits.  The parties filed a

27   consent to proceed before a United States Magistrate Judge on

28   May 26, 2005.  Plaintiff filed a motion for summary judgment on

1 | November 9, 2005.  Defendant filed a cross-motion for summary

2 | judgment on January 5, 2006.  Plaintiff filed a reply brief on

3 | January 30, 2006.  The Court has taken both motions under submission

4 | without oral argument.  See L.R. 7-15; "Order," filed April 19, 2005.

5 |

6 | **BACKGROUND**

7 |

8 | Plaintiff asserts disability based on various alleged physical

9 | and mental impairments (Administrative Record ("A.R.") 191).  The

10 | Administrative Law Judge ("ALJ"), Ariel Sotolongo, examined the

11 | medical record and heard testimony from Plaintiff, a medical expert

12 | and a vocational expert (A.R. 34-107, 221-302).  The ALJ found

13 | Plaintiff suffers from the severe physical impairments of a back

14 | disorder and degenerative joint disease of the right thumb, but also

15 | found Plaintiff does not have any severe mental impairment (A.R. 21,

16 | 24-26).  The ALJ concluded that Plaintiff still can perform his past

17 | relevant work as a maintenance worker (A.R. 26).  The Appeals Council

18 | denied review (A.R. 9-11).

19 |

20 | ALJ Sotolongo's written decision incorporates by reference the

21 | summary of medical and non-medical evidence contained in ALJ Daniel

22 | Loughry's March 16, 2001 decision, which denied a prior application

23 | by Plaintiff for disability benefits (A.R. 21, 111-19).[1/]  ALJ

24 | Sotolongo's decision discusses the evidence on which ALJ Loughry

25 | relied in finding that Plaintiff has no severe mental impairment, and

26 |

27 | [1/]    ALJ Loughry's decision, in turn, references an October 11, 1997

28 | decision by another ALJ denying an even earlier application by
Plaintiff for disability benefits (A.R. 113).

1 specifically cites Exhibits B1F-B3F and B7F-B10F (A.R. 21-22).  The

2 present Administrative Record does not contain these exhibits.

3

4      ALJ Sotolongo found not credible Plaintiff's testimony

5 regarding his pain and limitations (A.R. 24-25).  ALJ Sotolongo based

6 this finding on, inter alia, alleged inconsistencies between

7 Plaintiff's testimony at the July 30, 2003 administrative hearing and

8 Plaintiff's testimony at an administrative hearing that occurred in

9 2000 (A.R. 24).  The present Administrative Record does not contain

10 any transcript of the 2000 administrative hearing.

11

12                          **STANDARD OF REVIEW**

13

14      Under 42 U.S.C. section 405(g), this Court reviews the

15 Commissioner's decision to determine if: (1) the Commissioner's

16 findings are supported by substantial evidence; and (2) the

17 Commissioner used proper legal standards.  See Swanson v. Secretary,

18 763 F.2d 1061, 1064 (9th Cir. 1985).

19

20                             **DISCUSSION**

21

22      Defendant has the obligation to "file a certified copy of the

23 transcript of the record, including the evidence upon which the

24 findings and decision complained of are based."  42 U.S.C. § 405(g).

25 Failure or inability to discharge this obligation warrants remand.

26 See Stewart v. Harris, 509 F. Supp. 31, 33-34 (N.D. Cal. 1980) ("we

27 are unable to say whether the ALJ accorded an appropriate degree of

28 weight to the claimant's testimony regarding her pain, since that

3

1  testimony is missing from the record"); see also Bailey v. Heckler,

2  576 F. Supp. 621, 624 (D.D.C. 1984) ("When the record is incomplete

3  on a dispositive factual issue, there is an inadequate basis on which

4  the court can review the [administrative] determination.  Therefore,

5  the appropriate remedy is remand"); Smith v. Califano, 470 F. Supp.

6  898, 898 (D.D.C. 1978) ("In view of 42 U.S.C. § 405(g) (1976), the

7  inability of the Secretary to produce a complete record of the

8  proceedings before the agency frustrates judicial review").

9

10     In the present case, the Administrative Record is incomplete

11  for want of Exhibits B1F-B3F and B7F-B10F and for want of any

12  transcript of the 2000 administrative hearing.  The Court cannot

13  confidently conclude that this incompleteness is harmless, given ALJ

14  Sotolongo's: (1) reliance on the missing exhibits to support the

15  finding that Plaintiff does not have a severe mental impairment; and

16  (2) reliance on the missing transcript to support the finding that

17  Plaintiff's testimony regarding his pain and limitations is not

18  credible (A.R. 21-22, 24-25).

19

20     Defendant argues that ALJ Sotolongo's decision does not rely

21  on any evidence missing from the Administrative Record.  Defendant

22  argues that ALJ Sotolongo's decision relies on ALJ Loughry's summary

23  of exhibits, rather than on the exhibits themselves.  Defendant's

24  arguments are untenable.  ALJ Sotolongo's decision expressly

25  references missing Exhibits B1F-B3F and B7F-B10F (A.R. 22).  ALJ

26  Sotolongo's credibility determination expressly hinges, at least in

27  part, on an asserted "contrast to [Plaintiff's] previous testimony at

28  the 2000 hearing" (A.R. 24).

4

1          Defendant also appears to argue that, even if the ALJ erred in

2    finding inconsistencies between Plaintiff's 2000 and 2003 hearing

3    testimony, other findings sufficiently support the credibility

4    determination.  See Lester v. Chater, 81 F.3d 821, 834 (9th Cir.

5    1995).  If the ALJ mischaracterized the evidence, however, such an

6    error could call into question the validity of the ALJ's credibility

7    determination and the ALJ's decision as a whole.  See Regennitter v.

8    Commissioner, 166 F.3d 1294, 1297 (9th Cir. 1999) (a "specific

9    finding" that consists of an "inaccurate characterization of the

10   evidence" cannot support an adverse credibility determination); Lesko

11   v. Shalala, 1995 WL 263995 *7 (E.D.N.Y. Jan. 5, 1995) ("inaccurate

12   characterizations of the Plaintiff's medical record" found to

13   constitute reversible error).  Consequently, the Court cannot uphold

14   the ALJ's decision without assessing the accuracy of the ALJ's

15   characterization of the missing testimony.  No such assessment is

16   possible on the present record.

17

18          When a court reverses an administrative determination, "the

19   proper course, except in rare circumstances, is to remand to the

20   agency for additional investigation or explanation."  INS v. Ventura,

21   537 U.S. 12, 16 (2002) (citations and quotations omitted).  Remand is

22   proper where, as here, additional administrative proceedings could

23   remedy the defects in the decision.  McAllister v. Sullivan, 888 F.2d

24   599, 603 (9th Cir. 1989); see generally Kail v. Heckler, 722 F.2d

25   1496, 1497 (9th Cir. 1984).

26   ///

27   ///

28   ///

**CONCLUSION**

1

2

3        For all of the foregoing reasons,[2/] Plaintiff's and Defendant's

4   motions for summary judgment are denied and this matter is remanded

5   for further administrative action consistent with this Opinion.

6

7        LET JUDGMENT BE ENTERED ACCORDINGLY.

8

9            DATED: February 15, 2006.

10

11

12            _____/S/_____
                        CHARLES F. EICK
13                UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26   _____

27   [2/]    The Court has not reached any other issue raised by Plaintiff
     except insofar as to determine that Plaintiff's arguments in favor
28   of reversal rather than remand are unpersuasive.